UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. ~~11-20478~~-CR-COOKE
14-20075

UNITED STATES OF AMERICA

v.

ROBERTO MENDEZ-HURTADO,

Defendant.

_____/

FILED by ___ D.C.
MAY 30 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## FACTUAL PROFFER

If this case were called to trial, the United States would call as witnesses Jorge Ivan Sanchez Torres and his wife/girlfriend, Alejandra Velez-Ramos, who was previously married to the defendant, Roberto Mendez-Hurtado.

Jorge Ivan Sanchez Torres (Sanchez-Torres,) would testify that through Velez-Ramos, Sanchez-Torres met the defendant, Roberto Mendez-Hurtado. Sanchez-Torres would testify that Roberto Mendez-Hurtado, (defendant,) was a high end drug trafficker.

In 2008, Sanchez-Torres, introduced the defendant to Sanchez' partner in Sanchez' money laundering business, Nelson Aristibal Martinez a/k/a "1-2-3" (Aristibal).

Sanchez-Torres would testify that in 2008, Aristobal sent the defendant 150 kilograms of cocaine. The cocaine was sent by small plane from Colombia to the Dominican Republic, where the defendant received it and shipped it to Puerto Rico, USA, for distribution. This shipment of cocaine generated 1.5 million dollars in narcotics proceeds which the defendant ordered Sanchez-Torres to pick up in Puerto Rico and provide to the defendant in the Dominican Republic.

In June of 2009, Dutch law enforcement authorities in Aruba received legal authorization to conduct a wiretap of phones being used by both now cooperating defendants, Sanchez-Torres and Velez-Ramos.

Conversations, intercepted pursuant to the laws of Aruba and the Netherlands, demonstrated the illicit relationship among Sanchez-Torres, Velez-Ramos and Mendez-Hurtado.

During a call on August 24, 2009, at 12:33p.m., Sanchez-Torres first spoke to Velez-Ramos, and then to Mendez-Hurtado. During the call, Mendez-Hurtado and Sanchez-Torres talked in a coded manner about the transportation, onboard "submarines" and a "fast one" (believed to be either a go-fast boat or private aircraft), of cocaine that would come from the "factory" (laboratory in Colombia). Sanchez-Torres told Mendez-Hurtado they would sit down and talk to this person who had the factory, and Mendez-Hurtado mentioned quantities of cocaine ranging from 200 kilograms to 600 to 700 kilograms. (As further described below, later in the investigation, during an undercover meeting in Aruba on February 2, 2010, Sanchez-Torres told an undercover agent and a DEA informant that their organization had cocaine laboratories in Colombia and offered to show them the cocaine laboratories to sample the quality of the cocaine).

At the beginning of the conversation, Mendez-Hurtado asked Sanchez-Torres about the "quick one," which based on later intercepted calls in the investigation, agents believe to be a go-fast boat or private aircraft. Sanchez-Torres then talked about the man with the "factory" who is "very well organized" and talked about Mendez-Hurtado and Sanchez-Torres sitting down and meeting this person. Mendez-Hurtado said that they can put 200 in there (believed to be 200 kilograms of cocaine), and then mentioned that they have someone who can transport the cocaine in "submarines."

The Dutch wire intercepts continued until February of 2010, and confirmed that the defendant was the source of cocaine for Sanchez-Torres, and that Sanchez-Torres was

distributing cocaine with the intent that the cocaine go to Puerto Rico or Miami.

Further investigation by undercover agents, cooperating sources and law enforcement surveillance show that Sanchez-Torres, was receiving cocaine from the defendant in the Dominican Republic and shipping it to Puerto Rico. Sanchez-Torres was then collecting millions of dollars of narcotics proceeds in Puerto Rico and shipping back to the defendant in the Dominican Republic and Tortola in the British Virgin Islands. These narcotics proceeds were laundered through banks in several United States cities including Boston, Massachusetts.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 5/28/14    By: _____
RICHARD D. GREGORIE
ASSISTANT UNITED STATES ATTORNEY

Date: 5/28/14    By: _____
JOAQUIN PEREZ
ATTORNEY FOR DEFENDANT

Date: 5-28-14    By: _____
ROBERTO MENDEZ-HURTADO
DEFENDANT

3